UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUMARI GREEN,
    Plaintiff,
-vs.-

MIDLAND FUNDING, LLC,
a Delaware company,
    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, KUMARI GREEN, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. The Defendant to this lawsuit is Midland Funding, LLC, which is a Delaware company that maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed to Credit One Bank in the amount $786.00 with account number 856462…. (the "Debt").

6. On or about May 19, 2016, Mr. Green obtained his Equifax credit file and noticed that Defendant reported the alleged Debt.

7. On or about May 25, 2016, Mr. Green submitted a letter to Defendant disputing the alleged Debt.

8. On or about June 20, 2016, Merrick Bank obtained Mr. Green's Trans Union credit file.

9. On or about June 29, 2016, Mr. Green obtained his Trans Union credit file and noticed that Defendant failed to report that the alleged Debt was disputed, in violation of the FDCPA.

10. When Merrick Bank obtained Mr. Green's Trans Union credit file on June 20, 2016, the Debt was not marked as disputed as it was still not marked as disputed on June 29, 2016.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Mr. Green is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by failing to communicate that a disputed debt is disputed. Defendant did this when it continued to report the alleged Debt on Mr. Green's Trans Union credit file without indicating that it was disputed after Merrick Bank had obtained his Trans Union credit file.

16. Mr. Green has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.

18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Mr. Green is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Mr. Green has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Mr. Green is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Mr. Green has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

August 19, 2016

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com