UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUMARI GREEN,

       Plaintiff,                                  No. 16-13029

v.                                                    District Judge Mark A. Goldsmith
                                                           Magistrate Judge R. Steven Whalen

MIDLAND FUNDING, LLC,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

      This is an action brought under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251, *et seq.*, and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901, *et seq*. Before the Court is Defendant Midland Funding, LLC's ("Midland's") Motion for Summary Judgment [Doc. #29], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

                                  **I.    FACTS**

      In his complaint, Plaintiff alleges that the Defendant, a debt collector, is attempting to collect a $786.00 debt owed to Credit One Bank. *Complaint* [Doc. #1], ¶ 5. He states that on or about May 19, 2016, he obtained his Equifax credit file and noticed that Defendant had reported this debt. *Id*. ¶ 6. On or about May 25, 2015, he submitted a letter to Defendant disputing the debt. *Id*. ¶ 7. Plaintiff obtained his Trans Union file on or about June 29, 2016, and observed that the alleged debt was not marked as disputed. *Id*. ¶¶ 9-10. Plaintiff therefore infers that Defendant did not report the debt as disputed, as

required by the FDCPA. *Id*. ¶ 9.

In its motion [Doc. #29], Defendant states that on August 28, 2012, it purchased rights to the credit card account at issue from Credit One Bank. *Motion*, ¶ 5. It assigned the account to its servicer, Midland Credit Management, Inc. ("MCM"), which in turn referred it to a law firm, which filed an action against Plaintiff in State court. The court entered a default judgment against Plaintiff on April 8, 2016, in the amount of $786.17, and costs of $72.62. *Id*. ¶ 6; *Defendant's Exhibit A* (Judgment).

On June 2, 2016, Defendant received a letter from Plaintiff, postmarked May 31, 2016, stating that Plaintiff "dispute[s] the above account that you are reporting on my credit files." *Id*. ¶¶ 7-8; *Defendant's Exhibit B* (letter and postmarked envelope). Defendant states that on June 29, 2016, its servicer, MCM, reported the debt as disputed to the credit reporting agencies. In support of this statement, Defendant's Exhibit C is a Dispute Report showing that the debt was reported on June 29, 2016 with the compliance condition code "XB." Defendant's Exhibit D contains the Credit Bureau Consumer Codes showing that compliance code "XB" means "Account information disputed by consumer under FCRA [Fair Credit Reporting Act]."

Plaintiff filed his complaint through counsel. On February 2, 2017, the Court granted counsel's motion to withdraw. The Court's order [Doc. #20] allowed Plaintiff 21 days to obtain new counsel, otherwise it would be presumed that Plaintiff was proceeding *pro se*. The Court held a scheduling conference on April 27, 2016, at which Plaintiff, appearing *pro se*, was advised of the time limits for responding to motions. To date, Plaintiff has not filed a response to Defendant's motion for summary judgment.[1]

---

[1] While Plaintiff was informed at the scheduling conference of the duty to respond to Defendant's motions and the time limits for doing so, the Sixth Circuit has held that the Court is not required to offer that advice to a non-prisoner *pro se* litigant. *See United*

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to

---

*States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003) ("[T]his court has held that no...rule providing 'special assistance' exists with respect to nonprisoner pro se litigants [on summary judgment]." (Citing *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1986)).

defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

I begin by noting that Plaintiff has not filed a response to the Defendant's summary judgment motion, nor has he proffered any evidence to rebut the Defendant's exhibits. "This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Mich., Inc.*, 545 Fed. App'x. 368, 372 (6th Cir. 2013) (quoting *Hicks v. Concorde Career Coll.*, 449 Fed. App'x. 484, 487 (6th Cir. 2011)(holding that court may properly decline to consider the merits of a claim when a plaintiff fails to address it in response to a summary judgment motion)). *See also Clark v. City of Dublin*, 178 Fed. App'x. 522, 524-25 (6th Cir. 2006). Nevertheless, the court may not grant a motion for summary judgment to which a plaintiff has not responded "without first examining all the materials properly before it under Rule 56(c)." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014)(quoting *smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979). "Therefore, even where a motion for summary judgment is unopposed (in whole or in part), a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *Briggs v. University of Detroit-Mercy*, 611 Fed. App'x. 865, 871 (6th Cir. 2015). Thus, if the nonmoving party in a summary judgment motion fails to discharge its own burden of responding with specificity, "its opportunity [to do so] is waived and its

case wagered." *Id*., fn. 4 (quoting *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)).

The Defendant's unrebutted exhibits show that the Plaintiff's letter disputing the debt was postmarked May 31, 2016, supporting Defendant's statement that it received the letter two days later on June 2, 2016, and that the Defendant's servicer reported the debt as disputed 27 days later, on June 29, 2016. It is a violation of the FDCPA, specifically 15 U.S.C. § 1692e(8), for a debt collector to fail "to communicate that a disputed debt is disputed." The Defendant's exhibits establish that, contrary to Plaintiff's allegations, it did in fact report the debt as disputed, on the same date that Plaintiff obtained his Trans Union report.

To the extent that the Plaintiff bases his claim on the theory that Defendant did not *timely* report the disputed debt, the claim fails. The FDCPA does not establish any time limit for reporting a disputed debt. In *Fulton v. Equifax Info. Servs., LLC*, 2016 WL 5661588 (E.D. Mich. 2016), the Court granted summary judgment where the disputed debt was reported 24 days after the defendant received notice.[2] In *Luxenburg v. Equifax Credit Info. Servs.*, 2005 WL78947 (N.D. Ill. 2005), the Court declined to find a FDCPA violation where the defendant reported the debt as disputed a bit over two months after receiving notice of the dispute. Granting summary judgment to the defendant, the Court stated:

> "The record shows that AFNI deleted the debt and notified the consumer reporting agencies in a little over two months after receiving Luxenburg's letter. Luxenburg has not directed the court's attention to any authority requiring a furnisher to tell a credit reporting agency that a debt is disputed within a certain amount of time."

---

[2] *Fulton* also noted the use of the "XB" code in reporting a disputed debt to a credit reporting agency.

Likewise in this case, Plaintiff has not provided any authority for the proposition that reporting a debt as disputed 27 days after a debt collector receives notice of the dispute is a violation of § 1692e(8), nor has this Court found any such authority.

Plaintiff's claims under the MCPA and the MOC are likewise premised on the allegation that Defendant did not report the debt as disputed. He asserts claims under a provision in both statutes that makes it a violation to "fail[] to implement a procedure designed to prevent a violation by an employee." M.C.L. § 445.252(q); M.C.L. 339.915(q). Because the Defendant properly reported the disputed debt, there was no "violation by an employee."

Plaintiff's allegations do not create a legitimate issue of fact sufficient to survive summary judgment.

### IV. CONCLUSION

I recommend that Defendant's Motion for Summary Judgment [Doc. #29] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy

of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 29, 2018                     s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            U.S. MAGISTRATE JUDGE

---

**CERTIFICATE OF SERVICE**

I hereby certify on January 29, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on January 29, 2018.

                                            s/Carolyn M. Ciesla
                                            Case Manager for the
                                            Honorable R. Steven Whalen